IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3095 |
| | ) | |
| V. | ) | |
| | ) | |
| CARLOS PONCE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a 28 U.S.C. § 2255 case challenging the "residual clause" found in U.S.S.G. § 4B1.2(a)(2). This case was *final prior* to the decision in *Johnson v. United States*, 576 U.S. ---, 135 S.Ct. 2551 (June 26, 2015). The Eighth Circuit has implied that *Johnson* may not apply to such cases. For a variety of reasons,

IT IS ORDERED that:

1. This case is held in abeyance until further order of this court.

2. Counsel shall promptly advise me when the United States Court of Appeals for the Eighth Circuit or the United States Supreme Court decides one way or the other whether the *Johnson* decision applies to a case (i) where the underlying criminal action was final before *Johnson* was decided and (ii) that involves a challenge to the "residual clause" of U.S.S.G. § 4B1.2(a)(2) based upon *Johnson*.[1]

---

[1] I decline the AFPD's suggestion that I read *Welch v. United States*, 136 S.Ct. 1257 (2016) to answer the question. In short, *Welch* simply does not provide the answer. I am not interested in reading "tea leaves" in a case like this one where the principle of finality may well trump countervailing considerations. Remember, *Booker* was not retroactive.

DATED this 1st day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge