IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CARLOS PONCE,<br><br>    Defendant. | 4:10-CR-3095<br><br>ORDER |

  The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 101. That section permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A). The Court will deny the defendant's motion, for two reasons.

  The first reason is that the defendant doesn't allege exhausting his administrative remedies. Section 3582(c)(1)(A) provides that the Court may reduce a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." And exhaustion of administrative remedies is mandatory. See *United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

But the defendant's motion also fails on its merits. The motion rests on § 1B1.13(b)(6), which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

But, while the defendant has identified a change in the law since the time of sentencing, it's only a change to the Guidelines Manual. As a result, it doesn't support a reduction of sentence pursuant to § 1B1.13(b)(6).

Specifically, the defendant alleges that were he sentenced today, he would no longer be considered a "career offender" under U.S.S.G. § 4B1.1, because his 2009 conviction for felony operation of a motor vehicle to avoid arrest wouldn't count as a "crime of violence." Filing 101, *see also* filing 63 at 8, 12. At the time of sentencing, a "crime of violence" was an offense that

> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious risk of physical injury to another*.

U.S. Sent'g Guidelines Manual § 4B1.2(a) (U.S. Sent'g Comm'n 2010) (emphasis supplied). The italicized language—the "residual clause"—was the target of several legal challenges and although it was upheld by the Supreme Court in 2017, *see Beckles v. United States*, 580 U.S. 256 (2017) (distinguishing *Johnson v. United States*, 576 U.S. 591 (2015)), the Sentencing Commission had already removed it from the guidelines in 2016, *see* U.S.S.G. Amend. 798. The defendant is correct that under the current definition, *see* U.S.S.G. § 4B1.2(a), felony operation of a vehicle to avoid arrest would almost certainly not be considered a "crime of violence."

That's fine as far as it goes, but it doesn't get past § 1B1.13(b)(6). The defendant's claim for reduction of an "unusually long" sentence depends on identifying a change in law "*other than* an amendment to the Guidelines Manual that has not been made retroactive." *Id*. (emphasis supplied). The only change in the law identified by the defendant was an amendment to the guidelines, and Amend. 798 wasn't retroactive. *See* U.S.S.G. § 1B1.10(d).

So the defendant's argument can't be brought under § 1B1.13(b)(6). And § 1B1.13(b)(6) is the only exception to the general rule that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" to reduce a sentence. § 1B1.13(c); *see also* § 3582(c)(1)(A). In other words, the change to the "career offender" guidelines cannot, by law, be considered an "extraordinary and compelling" reason to reduce a sentence. *See id*.

The defendant also points to substantial evidence of his rehabilitation while incarcerated. Filing 101. That is commendable—but under current law, rehabilitation by itself isn't enough, absent another circumstance warranting a sentence reduction. *See* § 1B1.13(d). Accordingly,

IT IS ORDERED that the defendant's motion to reduce sentence (filing 101) is denied.

Dated this 10th day of July, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge